**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS, FAYETTEVILLE DIVISION**

**KRIS CHRISTIANS**                                                            **PLAINTIFFS**
an Individual
**MATT CHRISTIANS**
an Individual
**GABRIEL GUERRA**
an Individual
**BRIAN FLOYD**
an Individual
**TERESA D. HORN**
an Individual
**ANDREW SMITH**
an Individual
**ROBERT CHASE SORRELS**
an Individual
**GARY VIDAL**
an Individual
**JOHN VIDAL**
an Individual

      **vs.**                                   **CASE NO: 06-5026**


**MEYER PROPERTIES, LLC**                                               **DEFENDANTS**
an Arkansas Corporation
**PATRICK MEYER**
an Individual
**JULIE MEYER**
an Individual

**FEDERAL RULES OF CIVIL PROCEDURE 26(f) REPORT**

On Monday, June 26, 2006, counsel for the parties met and conferred to consider the

nature and basis of their claims and defenses and the possibilities for a prompt settlement or

resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to

develop a proposed discovery plan that indicates the parties' views.  The parties submit the

following report pursuant to *F.R.C.P. 26(f)* and *Local Rule 26.1*:

    (1) Any changes in timing, form, or requirements of mandatory disclosures under Federal
         Rule of Civil Procedure 26 (a).

        None at this time.

(2) Date when mandatory disclosures were or will be made.

The parties have agreed that they will provide to each other within fifteen (15) days any information and materials which are required by Federal Rule of Civil Procedure 26(a)(1) and not subject to any privilege.

(3) Subject on which discovery may be needed.
The parties have agreed that discovery will focus the amount of hours worked by the named Plaintiffs and the amount of money and other benefits provided to the Plaintiffs by the Defendants in exchange for their work.

(4) Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.  If so:

The parties will request and produce such information if same exists.

   a.  Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

       The parties agree to produce all relevant evidence or information that may lead to the discovery of relevant evidence which are not subject to any privilege.

   b.  The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

       Unknown at this time.

   c.  The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

       Unknown at this time.

   d.  Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

       Reasonable measures have and will be taken.

   e.  Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

       Unknown at this time.

(5) Date by which discovery should be completed.

October 31, 2006.

(6) Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

None at this time.

(7) Any orders, e.g., protective orders, which should be entered.

None at this time.

(8) Any objections to initial disclosures on the ground that mandatory disclosure are not appropriate in the circumstances of the action.

None at this time.

(9) Any objections to the proposed trial date.

None at this time.

(10)   Proposed deadline for joining other parties and amending pleadings.

November 22, 2006.

(11)   Proposed deadline for completing discovery.  (Note:  In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)

60 days before trial.

(12)   Proposed deadline for filing motions. (Note:  In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)

60 days before trial.

Respectfully submitted,

By:   __/s/ J. Christopher Harris_____

J. Christopher Harris
AR Bar No. 99101
Keith, Miller, Butler & Webb, PLLC
224 S. 2nd Street
Rogers, AR  72756
(479) 621-0006

ATTORNEY FOR DEFENDANTS

3

4

By:   _____/s/ James A. Roe_____

        James A. Roe
        AR Bar # 2003-076
        Williams & Hutchinson, LLP
        5417 Pinnacle Point Dr.
        Suite 500
        Rogers, AR  72758
        (479) 464-4944

        ATTORNEY FOR PLAINTIFFS